IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>              Plaintiff,<br><br>    vs.<br><br>MICHAEL A. WILSON and KAREN L. SELL,<br><br>              Defendants. | CV 14-80-BU-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Before the Court is Plaintiff PNC Bank, National Association's Fed. R. Civ. P. 55(b) motion requesting the Clerk of Court enter a default judgment against Defendant Karen Sell. For the reasons discussed, the Court recommends the motion be granted in limited part.

**I.**    **Discussion**

In March 2009, PNC Bank's predecessor in interest, National City Mortgage, loaned $186,800 to Defendants Michael Wilson and Karen Sell for the purchase of real property in Gallatin County, Montana ("Gallatin Property"). On March 20, 2009, Wilson and Sell signed a promissory note agreeing to make principal and interest payments on the loan in the amount of $974.44 per month

1

until April 1, 2039, when the balance due is to be paid in full.  They also signed a deed of trust pledging the Gallatin Property to secure their loan payment obligations under the promissory note.  The deed of trust identifies National City Mortgage as both the lender and the beneficiary under the trust.  The deed of trust was executed pursuant to the Small Tract Financing Act of Montana, Mont. Code Ann. § 71-1-301 et seq.

On November 6, 2009, National City Mortgage merged with PNC Bank.  As a result PNC Bank became the successor in interest with respect to the subject promissory note and deed of trust.

Wilson and Sell made monthly payments pursuant to the promissory note through May 2011.  But thereafter they failed to make any payments on the loan.  PNC Bank sent notices of default to Wilson and Sell informing them of the total amount due to cure their default on the loan, but they have not made any further payment on the loan.  Interest on the loan and late charges continue to accrue against Wilson and Sell.

As a result of Wilson and Sell's default on the promissory note, and pursuant to the terms of both the note and the deed of trust, PNC Bank commenced this action to foreclose on its interest in the deed of trust.  Specifically, in its First Amended Complaint PNC Bank requests that judgment be

entered in its favor establishing, inter alia, that (1) its interest under the deed of trust signed by Wilson and Sell is a valid first lien on the Gallatin Property rendering Wilson and Sell's interests in the Gallatin Property inferior, subsequent, and subordinate to PNC Bank's interests under the deed of trust, (2) foreclosure and sale of the Gallatin Property be ordered, and (4) Wilson and Sell's interests in the Gallatin Property be barred and foreclosed.

On March 16, 2015, and at PNC Bank's request, the Clerk of Court entered Sell's default pursuant to Fed. R. Civ. P. 55(a) based on her failure to plead or otherwise defend in this action. Therefore, PNC Bank now requests a default judgment be entered against Sell declaring the following:

(1) that Sell defaulted under the terms of the promissory note she signed;

(2) that the total amount due under the promissory note is $234,002.95, with interest accruing after February 19, 2016, at the rate of $23.49 per day, but "with the clear acknowledgment that Plaintiff does not seek a deficiency judgment against Defendant" (Doc. 68-1 at 2.);

(3) that PNC Bank's interest under the deed of trust is a valid first lien on the Gallatin Property rendering Sell's interests in the Gallatin Property inferior, subsequent, and subordinate to PNC Bank's interest under the deed of trust;

(4) that foreclosure and sale of the Gallatin Property be ordered, and Sell's interests in the Gallatin Property be barred and foreclosed; and

(5) that PNC Bank be permitted to purchase the Gallatin Property at the foreclosure sale, and a deed to the Gallatin Property be granted to the

3

purchaser at the sale.

Although Sell's default has been entered under Rule 55(a), PNC Bank is not entitled to all of the relief requested in its motion for default judgment. On February 17, 2015, PNC Bank filed stipulations to which Wilson agreed including a stipulation that in November, 2012, Sell signed a Quitclaim Deed to the Gallatin Property in favor of Wilson. (Doc. 20 at 2.) Consistent with this stipulation, PNC Bank also alleged in its First Amended Complaint that Wilson is now the sole owner of the Gallatin Property. (Doc. 17 at 5.) Therefore, PNC Bank is not entitled, at this time, to proceed with foreclosure and sale of the Gallatin Property based solely on Sell's default prior to a final resolution as to Wilson's rights and interests in the property. Similarly, because Sell no longer holds an interest in the Gallatin Property, the relative priority of PNC Bank's first lien and Sell's subordinate interests is moot as between PNC Bank and Sell.

Additionally, as discussed in the Court's Order entered March 30, 2015, under Montana law it is "well-settled that [...] when a property is secured by a deed of trust, the Small Tract Financing Act does not entitle a lender to a deficiency judgment or a borrower to a right of redemption." *Cavanaugh v. Citimortgage, Inc.*, 313 P.3d 212, 214 (Mont. 2013). Therefore, as PNC Bank concedes, it is precluded from seeking a deficiency judgment from Sell. Thus, the

4

amount due and owing by Sell under the promissory note is irrelevant, and PNC Bank is not entitled to default judgment declaring that amount due.

## II.     Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that PNC Bank's motion for default judgment be GRANTED to the following extent: Default judgment should be entered against Sell declaring that (1) Sell defaulted under the terms of the promissory note she signed, and (2) Sell's interests in the Gallatin Property are barred and foreclosed.

IT IS FURTHER RECOMMENDED that PNC Bank's motion be DENIED in all other respects.

DATED this 9th day of March, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge