IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WILSON and KAREN L. SELL,<br><br>Defendants. | CV 14–80–BU–DWM–JCL<br><br>ORDER |

**FILED**

MAR 2 4 2016

Clerk, U.S. District Court
District Of Montana
Missoula

This matter is before the Court on Plaintiff PNC Bank, National Association's Renewed Rule 55(b) Request to Clerk to Enter Default Judgment of Karen L. Sell. (Doc. 68.) Magistrate Judge Jeremiah Lynch entered Findings and Recommendation on March 9, 2016, recommending granting the motion in limited part. (Doc. 78.) The parties did not file objections.

Where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and this Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., Inc.*, 508 U.S. 602, 623

(1993) (internal quotation marks omitted).

Plaintiff's request seeks multiple declarations and is not for a sum certain; therefore, default judgment under Federal Rule of Civil Procedure 55(b)(1) is inappropriate. For purposes of default judgment under Rule 55(b)(2), the Court has subject matter jurisdiction over this matter, 28 U.S.C. § 1332(a)(1), and personal jurisdiction over Sell, *see Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 17 (Mont. 2015); Mont. R. Civ. P. 4(b)(1)(C). The Court finds no clear error in the finding that, based on the record of the case, Plaintiff is entitled to default judgment against Sell in limited part only.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 78) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 68) is GRANTED IN PART and DENIED IN PART. Default judgment is entered against Defendant Karen L. Sell in so far as (1) Sell defaulted under the terms of the promissory note she signed, and (2) Sell's interests in the Gallatin Property are barred and foreclosed.

DATED this 24th day of March, 2016.

Donald W. Molloy, District Judge
United States District Court