IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL A. WILSON and KAREN L. SELL, <br><br> Defendants. | CV 14–80–BU–DWM <br><br> ORDER |

Plaintiff PNC Bank requests vacatur of this Court's Judgment of Foreclosure against Defendant Michael Wilson's property because Wilson has executed a loan modification and his loan with PNC is now current. (Doc. 88.) Wilson does not oppose the motion. (*Id.*)

A district court possesses broad discretion in deciding whether to grant relief from a final judgment, and may consider if "applying [the judgment] prospectively is no longer equitable," or if there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5),(6). In evaluating vacatur, a district court employs an "equitable balancing test," weighing, *inter alia,* the interest in the finality of judgment and "the consequences and attendant hardships of dismissal or

refusal to dismiss." *Am. Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (citation omitted). A district court may vacate its own judgment in the absence of extraordinary circumstances. *Id.*

Here, PNC does not explain why its loan modification program could not have been offered before entry of judgment in this case. (Doc. 89 at 2.) However, while vacatur is not a substitute for stipulation (a solution available to litigants during the course of a lawsuit), the equitable interest in lifting the foreclosure judgment against Wilson, who is now current on his loan, is significant. Accordingly,

IT IS ORDERED that the motion (Doc. 88) is GRANTED. The Judgment against Wilson's property is VACATED as to the foreclosure. The remainder of the Judgment, dated May 27, 2016 (Doc. 87), shall remain in full force and effect.

DATED this 20th day of October, 2017.

Donald W. Molloy, District Judge
United States District Court